|||
|---|---|
|1||
|2||

UNITED STATES DISTRICT COURT

NORTHISN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ROSA LEE BANUELOS, | ) NO. CR-12-645-SBA-(NJV)<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>) REGARDING GUILTY PLEA<br>)<br>)<br>)<br>) |

It is the Recommendation of the undersigned that the district judge accept Defendant's guilty plea entered in open court on December 22, 2015. Specifically, Defendant pleaded guilty pursuant to a written plea agreement to count two of the indictment, charging a violation of 26 U.S.C. § 7206(1) (subscribing to a false federal income tax return). A transcript of the plea colloquy is attached hereto. The magistrate judge makes the following findings:

1. On the hearing date set forth above, with the assistance of counsel, Defendant waived her right to enter her guilty plea before a district judge and instead consented to enter her plea before the magistrate judge. Specifically, the court advised Defendant that she had a right to plead guilty in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, she could waive that right and consent to enter her plea in a plea hearing before the undersigned. The court also advised Defendant that it would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the

guilty plea, and that the district judge and not the magistrate judge would sentence her.  The court also advised Defendant of the procedures (also set forth at the end of this recommendation) for challenging the recommendation.  Defendant then waived her right to proceed before the district judge in open court and in writing and consented to the magistrate judge conducting the plea hearing.

2. The undersigned conducted a full plea hearing in the manner set forth in Federal Rules of Criminal Procedure 11.  In particular, the court reviewed, and Defendant acknowledged that she understood, the following: (a) the nature of each charge and the maximum penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights she was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The court reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the sentence.  *See* Fed. R. Crim. P. 11(b)(l)(N).  The court also determined that there was a factual basis for the guilty plea.  *See* Fed. R. Crim. P. 11(b)(3).

3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and undersigned advised the defendant as follows:

   a. To the extent that the plea agreement was an agreement of the type specified in Rule 11(c)(1)(A) or (C), the district judge may accept the agreement, reject the agreement, or defer a decision until the district judge reviewed the presentence report.  Also, to the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment. To the extent that the district judge rejects the agreement, it will inform the parties, advise the defendant that it is not required to follow the plea agreement, and give the defendant an opportunity to withdraw the plea. If the district judge rejects the plea agreement and the defendant does not withdraw her plea, then the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

   b. To the extent that the plea agreement was of the type specified in Rule 11(c)(1)(B), the defendant had no right to withdraw her plea if the district judge did not follow the parties' recommendation or request.

*See* Fed. R. Crim. P. 11 (c)(3)-(5).

4. The court also addressed Defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises (other than the promises in the plea agreement).  *See* Fed. R. Crim. P. 11(b)(2).

5. After the advisements set forth in Rule 11 and summarized here, Defendant pleaded guilty as summarized above. The court found that Defendant was fully competent and capable of entering an informed plea, that she was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis. Thus, this court recommends to the district judge that it accept the defendant's guilty plea.

6. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

IT IS SO RECOMMENDED

DATED: January 21, 2016

_____
HON. NANDOR J. VADAS
United States Magistrate Judge